VICTOR MARRERO, United States District Judge.
On October 19, 2017, defendants and counterclaim plaintiffs Zohar CDO 2003-1, Ltd., Zohar II 2005-1, Ltd., and Zohar III, Ltd. (the "Zohar Funds") moved for a temporary restraining order and a preliminary injunction. (The "Motion," see Dkt. No. 153.) The Motion seeks to enjoin plaintiff and counterclaim defendant Patriarch Partners Agency Services, LLC ("PPAS") from disbursing funds to eight companies to which the Zohar Funds loaned money using PPAS as an administrative agent.[1] (See id. )
On October 19, 2017, the Honorable Paul Crotty of this Court heard arguments from the parties on the merits of the Motion and entered an order stating that the motion for a temporary restraining order "is denied without prejudice to prompt consideration of an application for Preliminary Injunction before Judge Marrero." (Dkt. No. 146.) The Court held a telephone conference on October 23, 2017, during which it heard further arguments from the parties and denied the Motion. (See Dkt. No. 147.) This Order serves to record the Court's findings, reasoning, and conclusions of law in denying the Motion.
The Zohar Funds argue that in violation of PPAS's contractual obligations as the Funds' administrative agent, PPAS is holding approximately $45 million of the Zohar Funds' cash and may soon disburse those funds to eight "Portfolio Companies" that are already in default on their debts to the Zohar Funds. (See Motion at 1-3.)
*603 The Zohar Funds argue that if the Court does not enjoin PPAS from disbursing these funds, they will not be able to recover the funds because the Portfolio Companies are already in default on their debts and because PPAS would not have enough money to pay a $45 million judgment should the Zohar Funds succeed at trial. (Id. at 21-23.)
A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) (per curiam) (internal quotation marks omitted).[2] A party seeking a preliminary injunction must demonstrate "(1) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor, and (2) irreparable harm in the absence of the injunction." Faiveley Transport Mahno AB v. Wabtec Corp., 559 F.3d 110, 116 (2d Cir. 2009) (internal quotation marks and citation omitted).
"A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." Id. (internal quotation marks omitted). To demonstrate irreparable harm, the movant "must demonstrate that absent a preliminary injunction [it] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." Grand River Enter. Six Nations, 481 F.3d at 66.
Here, the Zohar Funds have failed to show that they would suffer an immediate injury that cannot be remedied by money damages after trial. Even assuming that the Zohar Funds are correct that PPAS is holding funds rightly belonging to the Zohar Funds and would be in breach of contract in disbursing those funds to the Portfolio Companies, the Court is not persuaded that the Zohar Funds have carried their burden to prove that they could not be compensated by money damages should they succeed at trial or that waiting until after trial would cause the Zohar Funds irreparable harm.
Though the Zohar Funds argue that PPAS does not have sufficient assets or revenue streams to pay a $45 million judgment, the Zohar Funds support this claim with evidence going only to PPAS's revenue streams and offer no evidence of PPAS's total assets. (See Motion at 22 (citing evidence of PPAS's annual revenues but not of its assets).) The Zohar Funds therefore did not meet their burden to show that PPAS lacks sufficient assets to satisfy a money judgment should the Zohar Funds prevail at trial. Additionally, during the October 23, 2017 telephone conference, the Zohar Funds admitted that they had not yet deposed any agent of PPAS who was authorized to testify about its revenue streams or total assets. Thus, the Zohar Funds have not made a "clear showing" that PPAS could not satisfy a money judgment after trial and that a preliminary injunction is therefore necessary to avoid irreparable harm. See Grand River Enter. Six Nations, 481 F.3d at 66.
Accordingly, it is hereby
ORDERED that the motion of defendants and counterclaim plaintiffs Zohar CDO 2003-1, Ltd., Zohar II 2005-1, Ltd., and Zohar III, Ltd. for a preliminary injunction *604 and a temporary restraining order (Dkt. No. 153) is DENIED.
SO ORDERED.

The Zohar Funds also moved to file an amended complaint, and the Court referred that motion to Magistrate Judge Katherine Parker. (See Dkt. No. 147.)

The legal standards governing preliminary injunctions and temporary restraining orders are the same. See AFA Dispensing Group B.V. v. Anheuser-Busch, Inc., 740 F.Supp.2d 465, 471 (S.D.N.Y. 2010).